

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# Lechliter v. Secretary Defense

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lechliter v. Secretary Defense" (2006). *2006 Decisions.* Paper 1062.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1062

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3613
_____

GERALD A. LECHLITER,

Appellant

v.

DONALD H. RUMSFELD, Honorable, Secretary of Defense;
DEPARTMENT OF DEFENSE; THOMAS E. WHITE, Honorable,
Secretary of the Army

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 03-cv-00098)
District Judge:  The Honorable Kent Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: SCIRICA, Chief Judge, and NYGAARD,  Circuit Judge,
and ALARCÒN,* Circuit Judge.


(Filed May 23, 2006 )

_____

*Honorable Arthur L. Alarcòn, Senior Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Lechliter is a veteran of the United States Army.  He has filed a

*pro se* lawsuit seeking "special compensation" under 10 U.S.C. Section 1413 for one

month – May, 2001, a month in which he was100% disabled, but a month in which he did

not receive corresponding disability benefits.

Section 1413 provides that a military retiree is entitled to payment "for any

month for which the retiree has a qualifying service-connected disability."  Under

Defense Department regulations, to be eligible for any Section 1413 compensation (or

increase) for a given month, the retiree must be *entitled to* and *in receipt of* DVA

disability pay.  The District Court determined that the Appellant was not entitled to an

increase in the special compensation until June 2001, and granted summary judgment for

the Department of Defense.  We will affirm

I.

It is axiomatic that we have an obligation to examine the basis for our

jurisdiction in every case, even when jurisdiction is not contested by the parties.

Therefore, we asked the parties to address the question of whether this appeal should be

transferred to the United States Court of Appeals for the Federal Circuit.  In the District

Court, the Government had argued that Lechliter's claims arose, at least in part, under the

2

Little Tucker Act, 28 U.S.C. § 1346. The Little Tucker Act confers concurrent jurisdiction over certain claims against the United States on both the district courts and the United States Court of Federal Claims. With certain exceptions not relevant here, that Act provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort

28 U.S.C. § 1346(a)(2) (2000).<sup>*</sup>

The District Court concluded that Lechliter was not seeking monetary damages, but rather equitable relief and to enforce the statute. As such, it held that Lechliter's cause of action arose under the Administrative Procedures Act. We agree with the District Court. Here, Lechliter seeks what he believed he was entitled to under the 10 U.S.C. § 1413. As we have indicated, where a plaintiff "seeks only that to which [he] is entitled . . ., the relief requested is 'other than monetary damages.'" *See Zellous v. Broadhead* Assocs., 906 F.2d 94, 99 (3rd Cir. 1990) (citations omitted). The District Court had jurisdiction under the APA, 5 U.S.C. § 701, et seq. We have jurisdiction over

---

*.      The so-called Big Tucker Act is codified at 28 U.S.C. § 1491 and grants the Court of Federal Claims exclusive jurisdiction over similar monetary claims against the United States regardless of the amount at stake.

3

final decisions of district courts that have reviewed agency determinations pursuant to the APA. See 28 U.S.C. § 1291; *Shulman v. J.P. Morgan Investment Mgmt., Inc.*, 35 F.3d 799, 803 (1994).

## II.

The following material facts are not disputed by the parties:

1.      Lechliter was rated at greater than seventy percent disabled by the Department of Veteran's Affairs within four years of his retirement, was eligible for and received § 1413 "special compensation"

2.      Lechliter was initially rated at eighty percent disabled and accordingly, received "special compensation" in the amount of $100.00 per month

3.      The effective date of increase in Lechliter's disability rating (from 80% to 100%) was May 1, 2001

4.      Lechliter began receiving increased benefits as a result of his increase in disability rating one month following the effective date of his increased rating, June 1, 2001.

5.      Lechliter has been receiving $300.00 per month in "special compensation" since June 1, 2001.

The only issue before us on review is whether the Department of Defense's interpretation of § 1413 was proper. We hold that it was.

4

10 U.S.C. § 1413 is silent on the question of when these "special compensation" payments are to be made. Instead, the section only directed that "the amount be paid." This issue, therefore becomes one implicating *Chevron, U.S.A. Inc., v. National Resources Defense Council, Inc.,* 467 U.S. 837, 842-43 (1984). Under *Chevron*, we must determine whether the Department of Defense's interpretation of the statute is reasonable. 467 U.S. 837, 842-43 (1984). This is a very deferential standard. Furthermore, when it comes to matters of military pay, "to prevail, a plaintiff must overcome the strong, but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully and in good faith." *Doe v. United States*, 132 F.3d 1430, 1434 (Fed. Cir. 1997) (*quoting Sanders v. United States*, 594 F.2d 804, 813 (Ct. Cl. 1979). All of this is in accord with long-standing jurisprudence affording wide deference to the military. *See e.g. Abdulrahman v. Ashcroft*, 330 F.3d 587, 591 (3d Cir. 2003); *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1984) (decisions regarding military personnel are reviewed under APA by an unusually deferential application of the arbitrary and capricious standards).

Since Section 1413 is silent on the question of when "special compensation" is to be paid, the Department of Defense interpreted the provision to apply to those retired military personnel who are in actual receipt of the disability benefit. This interpretation has subsequently been adopted as Chapter 62 of the Department of Defense Financial Management Regulations. See DoDFMR, Ch. 62, para 620302. We find this to

5

be a reasonable interpretation of Section 1413 because it guarantees that "special compensation" be available only to disabled veterans whose retirement pay is subject to offset due to concurrent receipt of disability benefits. The record reflects that Lechliter was not *in receipt of* § 1413 compensation until June of 2001, which is when his § 1431 compensation began. Therefore, he is not entitled to receive the additional $200.00 payment.

## III.

In sum, the record supports the District Court's conclusion that Lechliter cannot demonstrate on this record that the Department of Defense acted arbitrarily or capriciously or without sufficient evidentiary support in denying his claim for $300.00 for the month of May, 2001. The order of the District Court will be affirmed.